United States District Court
Southern District of Texas
**ENTERED**
November 08, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| Plaintiff/Respondent, | § | |
| | § | CR. No. 2:15-42 |
| v. | § | (C.A. No. 2:16-217) |
| | § | |
| **JOSE ALBERTO GONZALEZ,** | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER

Jose Alberto Gonzalez filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. D.E. 40.[1] The Court has reviewed the motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2016) (2255 Rules).

## I. BACKGROUND

Gonzalez was a passenger on a Greyhound bus traveling north as it approached the Falfurrias, Texas Border Patrol Checkpoint on December 22, 2014. During the immigration inspection, a Border Patrol Agent went inside the bus to speak with passengers while another Border Patrol Agent inspected the luggage compartment of the bus using a drug dog. The dog alerted to a bag with Gonzalez' name on it. Gonzalez was asked to get off the bus with his hand luggage. Gonzalez agreed to do so. Gonzalez first admitted he had luggage under the bus, then denied that the bag to which the dog alerted belonged to him. When one of the agents started to take the bag onto the bus to ask the remaining passengers if the bag belonged to any of them,

---

[1] Docket entry references (D.E.) are to the criminal case.

1

Gonzalez claimed the bag. Gonzalez explained that he was scared to claim the bag earlier. The agent searched the bag and noticed that it was heavier than it should have been when empty. The agent discovered three bundles of what was later determined to be cocaine in a concealed compartment. Gonzalez was arrested. He was later indicted on a single count of possession with intent to distribute more than 500 grams of cocaine, approximately 3.5 kilograms (gross) of cocaine.

In March 2015, Gonzalez pleaded guilty to the indictment. The Probation Department prepared a Presentence Investigation Report (PSR). Gonzalez' base offense level of 26 was calculated based upon the quantity of cocaine involved (2.999 kilograms net weight). However, Gonzalez was determined to qualify as a career offender because he had two previous federal drug trafficking convictions. As a result, his base offense level was increased to 34. His actual criminal history category would have been III, but was adjusted to VI due to his career criminal status. His sentencing guideline range was 188 to 235 months' imprisonment.

Sentencing was held in June 2015. Counsel argued in mitigation of Gonzalez' sentence that although the career offender designation was proper, the increase of 10 years was not justified and a lower sentence could be appropriate, especially when his sentence would have been five years without the career offender enhancement The Court sentenced Gonzalez to a below guideline sentence of 160 months in the Bureau of Prisons, four years supervised release, and a $100 special assessment. The Court advised Gonzalez of his right to appeal. Gonzalez' sentence was affirmed in February 2016. Gonzalez' present motion is timely.

## II.  MOVANT'S CLAIMS

Gonzalez complains that his guilty plea was involuntary because he did not affirmatively waive his constitutional right to a jury trial. He further argues that his plea was involuntary because counsel did not advise him that he could not be convicted based upon evidence obtained from a warrantless search. He further claims that counsel provided ineffective assistance because she failed to file a motion to suppress.

## III.  ANALYSIS

### A.  28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B.  Involuntary Plea

Gonzalez claims his guilty plea was involuntary on two grounds: (1) he did not affirmatively waive his constitutional rights before pleading guilty and (2) his attorney did not tell him he could not be convicted upon evidence unconstitutionally obtained without a warrant.

### 1. *No explicit waiver of rights*

Gonzalez admits that the Court advised him of his trial rights and he understood them, but contends that because he did not explicitly waive those rights, his plea was involuntary. A constitutionally valid guilty plea must be knowingly, voluntarily, and intelligently made. *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). In determining the voluntariness of a plea, the court considers all relevant circumstances, including whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel. *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). In other words, a guilty plea is valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

During rearraignment, the Court advised Gonzalez of his trial rights and admonished him as follows:

> In a moment, I will ask each of you how you plead
> to these charges. And at the time that you enter a plea of
> guilty, *you will have waived your right to a trial by jury, as
> well as all these other rights that I just described*.
> Mr. Gonzalez, *do you understand all of that*?
> DEFENDANT GONZALEZ: *Yes*, Your Honor.

D.E. 28, p. 13 (emphasis added). The Court then described the elements of the offense, and the government recited the facts it would prove if the case continued to trial. After agreeing to the facts stated by the government, Gonzalez pleaded guilty. *Id.*, p. 17. Gonzalez testified at rearraignment that he understood the charges against him (*Id.*, p. 7-8),[1] that he was satisfied with

---

[1] THE COURT: Can you read English okay?
DEFENDANT GONZALEZ: Perfectly.
THE COURT: Did you get a copy of your indictment?
DEFENDANT GONZALEZ: Yes.

4

counsel (*Id*., p. 8), and that he understood the rights he was waiving. *Id*., p. 13. The Court finds his guilty plea was voluntary.

### 2. *Counsel failed to advise him that a warrantless search was unconstitutional*

Gonzalez next claims that his guilty plea was involuntary because his counsel failed to advise him that he could not be convicted on unconstitutionally seized evidence and the search of his luggage was done without a search warrant. Although warrantless searches are *per se* unreasonable, *Katz v. United States*, 389 U.S. 347 (1967), warrantless searches of vehicles are permitted by the Fourth Amendment when officers have probable cause to believe that the vehicle contains contraband or other evidence of a crime. *See United States v. Ros*s, 456 U.S. 798, 809 (1982); *United States v. Castelo*, 415 F.3d 407, 412 (5th Cir. 2005).

Gonzalez was stopped for a routine Border Patrol immigration check at a fixed checkpoint when a drug canine alerted to a bag with his name on it.[2] Gonzalez gave conflicting answers to agents when asked if it was his bag, but eventually claimed it. The dog's alert to the bag provided probable cause to search the bag. *United States v. Clayton*, 374 Fed. App'x 497, 499 (5th Cir. Mar. 12, 2010) (per curiam) (unpublished) ("The canine's alert itself established sufficient probable cause to justify the agents' search of the vehicle."); *United States v. Garcia-Garcia*, 319 F.3d 726, 730-31 (5th Cir. 2003); *see also United States v. Williams*, 69

---

    THE COURT: Did you read it?
    DEFENDANT GONZALEZ: Several times.
    THE COURT: Several times. Good. Did you discuss it
    with Ms. Langford?
    DEFENDANT GONZALEZ: Several times also.
    THE COURT: Good. Do you feel like you understand the
    charges against you?
    DEFENDANT GONZALEZ: I really do.
*Id*.

[2] The PSR to which Gonzalez had no objections, described the circumstances surrounding the finding of the bag and the discovery of the cocaine. D.E. 12, ¶¶ 4-8, D.E. 26, p. 2. Furthermore, at rearraignment, the government

F.3d 27, 28 (5th Cir. 1995) (dog's alert provided probable cause to search); *United States v. Dovali–Avila*, 895 F.2d 206, 207 (5th Cir. 1990) (A dog sniff does not constitute a search and an alert is sufficient to create probable cause to conduct a warrantless vehicle search.).

No search warrant was required to search Gonzalez' luggage because the agents had probable cause based upon the dog's alert and Gonzalez' contradictory statements. Accordingly, Gonzalez' claim that his plea was involuntary due to counsel's failure to advise him of the need for a search warrant is without merit.

    **C**.    **Claims of Ineffective Assistance of Counsel**

        **1.**   *Standard*

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under *Strickland*, the movant must demonstrate that counsel's error led to an increase in the length of his imprisonment. *Glover v. United States,* 531 U.S. 198, 203 (2001); *United States v. Herrera*, 412 F.3d 577, 581 (2005).

If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the

---

described the same circumstances and Gonzalez agreed the government's recitation was correct. D.E. 28, pp. 15-17.

inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

### 2. *Failure to file a motion to suppress*

Gonzalez argues that counsel performed ineffectively because she failed to file a motion to suppress. He appears to claim that the cocaine in his suitcase could have been suppressed because the Border Patrol Agent did not have a warrant to search his suitcase. "Because trial counsel's failure to raise a Fourth Amendment claim is at issue, 'the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice.'" *United States v. Dowling*, 458 Fed. App'x. 396, 397 (5th Cir. Jan. 13, 2012) (per curiam) (unpublished) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)). As the Court discussed in Part III(B)(2), no warrant was required and the search was supported by probable cause. Gonzalez has not proved that his Fourth Amendment claim is meritorious and therefore has not established that counsel's performance fell below reasonable professional standards.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Gonzalez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Gonzalez is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## V.  CONCLUSION

For the foregoing reasons, Gonzalez' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 40) is **DENIED**. He is also denied a Certificate of Appealability.

It is so **ORDERED**.

**SIGNED** this 8th day of November, 2016.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE