United States District Court
Southern District of Texas
**ENTERED**
November 08, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:15-42 |
| | § | |
| JOSE ALBERTO GONZALEZ, | § | |
|    Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court are Defendant Jose Alberto Gonzalez's duplicate Petitions for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Request for Appointment of Counsel Under 18 U.S.C. § 3006A. D.E. 50, 51.

**I. BACKGROUND**

In 2015, Defendant pled guilty to possession with intent to distribute approximately 3.5 kilograms of cocaine. He had two prior controlled substance offenses—a 1990 federal conviction for conspiracy to possess with intent to distribute approximately 81.8 kilograms of marijuana and a 2007 federal conviction for possession with intent to distribute less than 50 kilograms of marijuana—which resulted in a career offender enhancement under U.S.S.G. § 4B1.1(b)(2). He has served 94 months (59%) of his 160-month sentence and has a projected release date, after good time credit, of November 23, 2026.

Defendant now moves the Court for compassionate release because: (1) he has contracted COVID-19 multiple times while incarcerated, and the conditions of confinement due to COVID-19 have been debilitating and contrary to the goals of 18 U.S.C. § 3553(a); (2) he wishes to be the primary caretaker for his ailing and elderly mother; and (3) the marijuana convictions underlying his career offender designation are old and outdated, given society's current acceptance of

1

marijuana. He filed an administrative request for compassionate release with the warden of FCI Stafford on June 8, 2022, but never received a response.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds tha*t—
> (i) *extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The Fifth Circuit previously considered U.S.S.G. § 1B1.13 an applicable policy statement when a prisoner, rather than the Bureau of Prisons (BOP), moved for relief under § 3582(c)(1)(A)(i). *United States v. Coats*, 853 F. App'x 941, 942 (5th Cir. 2021). In *Shkambi*, however, the Fifth Circuit "joined [its] sister circuits in holding that § 1B1.13 does not actually apply to § 3582(c)(1)(A)(i) motions brought by the inmate." *Id.* (citing *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) ("Neither the [U.S. Sentencing Commission's compassionate-release] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582.")). Although "not dispositive," the commentary to U.S.S.G. § 1B1.13 nonetheless "informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary

and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, 833 Fed. App'x 556, 556 (5th Cir. 2020)).[1]

Even if "extraordinary and compelling reasons" for early release exist, the Sentencing Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness

---

1. **(A) Medical Condition of the Defendant. –**
    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
    (ii) The defendant is—
      (I) suffering from a serious physical or medical condition,
      (II) suffering from a serious functional or cognitive impairment, or
      (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    **(B) Age of the Defendant. –**
    The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

    **(C) Family Circumstances. –**
    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    **(D) Other Reasons. –**
    As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

"If the district court makes those two findings"—both that extraordinary and compelling reasons warrant a sentence reduction *and* that a reduction is consistent with the applicable Guidelines' policy statements—"then the court 'may' reduce the defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable § 3553(a) factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentencing disparities among similarly-situated defendants; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7). "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Ward*, 11 F.4th at 360.

"[T]he burden falls on the defendant to convince the district judge to exercise discretion to grant the motion for compassionate release . . . ." *Id.* at 361 (internal quotations and alterations omitted); *see also United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019) ("In general, the defendant has the burden to show circumstances meeting the test for compassionate release.").

> With respect to motions for compassionate release based on COVID-19:
>
> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by

4

> simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. . . . But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.
>
> The courts that granted compassionate release on those bases largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns. . . . Fear of COVID doesn't automatically entitle a prisoner to release.

*Thompson*, 984 F.3d at 434–35 (collecting cases) (footnotes and citations omitted).

## III. ANALYSIS

### A. Extraordinary and Compelling Reasons

#### 1. COVID-19 Concerns

Defendant first complains that the "utter chaos" and "unstable and volatile nature of day-to-day life in prison" due to COVID-19 has "taken a psychological toll" and "can only produce an adverse result and not the deterrent effect that the Congress envisioned." D.E. 49, p. 2 (citing 18 U.S.C. § 3553(a)). He further states that he "became contracted with the COVID-19 on several occasions through he was vaccinated, with absolutely zero therapeutics, and no medical attention." *Id.*, p. 6. Defendant has offered no medical records or other evidence showing that he ever contracted COVID-19 or that he was "virtually refused any medical attention" for it. *See id.*, p. 16. Moreover, with respect to motions for a sentence reduction based on COVID-19, "the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and

5

compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person." *Koons*, 455 F. Supp. 3d at 291.

### 2. Family Circumstances

Defendant next claims that he is needed as the primary caregiver for his ailing and elderly mother. His mother and father both live at home and are currently being cared for by Defendant's sister; however, his sister has a special needs child of her own and is unable to provide consistent care for their parents. Defendant has offered no evidence in support of this claim. Moreover, "[m]any, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary." *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio Jul. 16, 2019) (denying compassionate release to defendant to care for ill mother).

### 3. "Outdated" Marijuana Convictions

Citing the MORE Act,[2] Defendant argues that marijuana "has been accepted in society as normal," and if his "old and outdated prior marijuana convictions were not applied as Criminal History with which to aggregate his sentence, [he] would not be the subject of the 'career offender' enhancement." D.E. 50, pp. 8, 17. Without the career offender enhancement, Defendant's advisory Guidelines sentencing range would have been 57–71 months' imprisonment, as opposed to the 160-month sentence he received as a career offender.

The Guidelines encompassed all the conduct in which Defendant engaged, and he received a sentence within his advisory range. Despite changes in society's attitudes towards marijuana, Congress has not legalized marijuana at this time, nor has the Sentencing Commission amended

---

2. The Marijuana Opportunity Reinvestment and Expungement Act ("MORE," H.R. 3617), which decriminalizes marijuana and establishes a process to expunge convictions and conduct sentencing review hearings related to federal marijuana offenses, among other things, passed the House of Representatives on April 1, 2022. It was received in the Senate (S. 10140), read twice, and referred to the Committee on Finance. No action has been taken since April 4, 2022. *See* H.R.3617 - MARIJUANA OPPORTUNITY REINVESTMENT AND EXPUNGEMENT ACT, *https://www.congress.gov/bill/117th-congress/house-bill/3617* (last visited Nov. 7, 2022).

U.S.S.G. § 4B1.1(b)(2) to exclude controlled substance convictions involving marijuana. This is not an extraordinary and compelling reason warranting early release.

### B. Sentencing Guidelines Policy Statements and 18 U.S.C. § 3553(a) Factors

As detailed in the Presentence Report (PSR, D.E. 12), Defendant's supervision in his 1990 marijuana conspiracy case was revoked after he pled true to the following violations: new law violation (driving while license suspended); possession of marijuana; failure to report; positive urinalysis; and failure to abide with drug treatment. The PSR also describes how, while Defendant's vehicle was being inspected for narcotics by Border Patrol agents in 2006, he escaped custody, jumped over a barbed wire fence, fled on foot, and attempted to commandeer a vehicle by using force to remove the driver. In addition to the prior federal marijuana convictions underlying his career offender designation, Defendant had unscored convictions for possession of more than 5 pounds of marijuana, transportation of marijuana, and illegal exportation. He has not submitted his prison disciplinary history or other evidence showing good conduct or rehabilitation while incarcerated.

Based on Defendant's criminal history, the nature and circumstances of the offense of conviction, the weight of the evidence, and the danger that would be posed by Defendant's early release, the Court finds that a sentence reduction would not be consistent with the applicable Sentencing Guidelines' policy statements. *See* 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). The Court further finds that a sentence reduction would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes. *See* 18 U.S.C. § 3553(a)(2).

## IV. CONCLUSION

For the reasons set forth above, the Court finds that extraordinary and compelling reasons do not warrant a sentence reduction and that a reduction would be inconsistent with § 3553(a) and the applicable policy statements issued by the Sentencing Commission. Accordingly, Defendant's Petitions for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Request for Appointment of Counsel Under 18 U.S.C. § 3006A (D.E. 50, 51) are **DENIED**.

It is so **ORDERED** this 7th day of November, 2022.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE